# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3688 | **DATE** | May 22, 2012 |
| **CASE TITLE** | U.S. ex rel. Peter Poole (#R-44418) v. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner has paid the statutory filing fee. The respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. The petitioner's motion for appointment of counsel [#3] is denied as premature. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. The Clerk is directed to amend the caption of the case to reflect that Donald Gaetz, the warden of Pinckneyville Correctional Center is the proper respondent.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Peter Poole, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 2005 conviction for aggravated battery with a firearm on multiple grounds including the fact that his mandatory supervised release should have been included within the time that he has been incarcerated and he should already have been released.

The petitioner has paid the statutory filing fee. The petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed this action in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present. Additionally, the Clerk is directed to amend the caption of the case to indicate that the proper respondent is Donald Gaetz, the warden of Pinckneyville Correctional Center, where the petitioner is presently incarcerated.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the petitioner.

**(CONTINUED)**

**STATEMENT (continued)**

    The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

    Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.