IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER POOLE (R44418), | ) | |
|     Petitioner, | ) | 12 C 3688 |
| | ) | |
|     v. | ) | Judge Joan B. Gottschall |
| | ) | |
| DONALD GAETZ,[1] | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* petitioner Peter Poole is currently serving a 3-year term of mandatory supervised release ("MSR") in the custody of the Illinois Department of Corrections ("IDOC").[2] He has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254, arguing IDOC violated his constitutional rights by impermissibly adding the MSR term to his underlying 10-year sentence. The respondent has filed a motion to dismiss, asserting Poole's petition is time-barred. For the following reasons, the motion to dismiss is granted.

---

[1] Because Poole is currently serving a term of mandatory supervised release, he is in the custody of IDOC as opposed to the warden of the facility at which he was formerly incarcerated. *See* 730 ILCS § 5/3-14-2 ("The Department shall retain custody of all persons placed on parole or mandatory supervised release . . . and shall supervise such persons during their parole or release period in accord with the conditions set by the Prisoner Review Board."); *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (a parolee is in the custody of the parole board for purposes of § 2254). Accordingly, the clerk is directed to substitute Darryl Johnson, IDOC's current Chief of Parole, as the respondent. *See* Fed. R. Civ. P. 25(d).

[2] Poole's recent filings and the docket indicate he is serving his MSR term at a private location as opposed to at an IDOC facility. In his filings, Poole nevertheless occasionally argues that IDOC violated his constitutional rights by requiring him to serve his MSR term at an IDOC facility. The court need not determine Poole's current location as whether he is incarcerated or not, the fact that he is currently serving his MSR term means he is "in custody" and thus is eligible to seek relief under 28 U.S.C. § 2254. *See, e.g., Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012).

## I. Background

During a jury trial in the Circuit Court of Cook County, the state contended that on November 21, 2003, Poole shot Aaron Parker in the abdomen following a fistfight at a party where Poole accused Parker of having a relationship with Poole's girlfriend. Poole was convicted of aggravated battery with a firearm (a Class X felony, *see People v. Villa*, 2011 Ill. 110777, 959 N.E.2d 634, 637 (Ill. 2011)) and sentenced to a 10-year term of imprisonment. When Poole was sentenced, Illinois law provided that "every sentence shall include as though written therein a term in addition to the term of imprisonment . . . such term shall be identified as a mandatory supervised release term." *West v. Chandler*, No. 11 C 5952, 2013 WL 657664, at *3 (N.D. Ill. Feb. 22, 2013) (quoting the then-current version of 730 ILCS § 5/5–8–1(d)). At the time, the MSR term for a Class X felony was 3 years. *See id*.

Poole appealed, and on October 19, 2007, the Illinois Appellate Court affirmed. *See People v. Poole*, No. 1-05-2064 (Ill. App. Ct. Oct. 19, 2007) (unpublished order). On March 26, 2008, the Illinois Supreme Court denied Poole' petition for leave to appeal and on October 6, 2008, the United States Supreme Court denied his petition for a writ of certiorari.

On February 10, 2009, Poole filed a state post-conviction petition dated January 13, 2009, arguing, among other things, that the trial court did not tell him about the 3-year MSR period when he was sentenced, it was improper to add the MSR term to his determinate sentence, and the statute requiring MSR was unconstitutional. The trial court dismissed the petition on March 19, 2009, and denied Poole's motion for rehearing on January 29, 2010. Poole sought leave to file a late appeal by filing motions for leave to file a late notice of appeal and for leave

to file an amended late notice of appeal, both of which the state appellate court denied as untimely on February 22, 2010.

On September 14, 2010, Poole filed a mandamus complaint in the Circuit Court of Perry County, Illinois (the county where he was then incarcerated). He also filed a petition for injunctive relief on December 29, 2010, and another mandamus complaint on September 1, 2011, both in the Circuit Court of Cook County.

On May 14, 2012, this court received Poole's § 2254 petition, which was dated May 3, 2012, in an envelope post-marked May 9, 2012. In his petition, Poole asserts his 3-year MSR term is unconstitutional because he should have been allowed to serve it as part of his 10-year determinate sentence as opposed to having it be added onto his determinate sentence.

**II.   Discussion**

A one-year statute of limitations applies to petitions for a writ of habeas corpus. *Wall v. Kholi*, — U.S. —, 131 S.Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)). The statute of limitations runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for a State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

The respondent asserts that Poole's judgment became final when his state post-conviction petition was denied. Poole, however, contends he recently learned he would be required to serve his term of MSR after he finished serving his determinate sentence so his § 2254 petition is based on a factual predicate that was not previously discoverable through the exercise of due diligence. For the following reasons, Poole's reading of § 2244(d)(1) is incorrect and a possible exception to the statute of limitations – equitable tolling – is not available. Thus, his petition is untimely.

      A.      **Did a "Newly Discovered Factual Predicate" Toll the Statute of Limitations?**

In his response to the motion to dismiss, Poole appears to be arguing that his § 2254 petition, which he filed in May of 2012, is timely because he submitted it promptly after finding out he would be required to serve three years of MSR after serving his 10-year sentence. Critically, however, in his 2009 state post-conviction petition Poole argued at length that the 3-year MSR term was an improper addition to his 10-year sentence. Respondent's Ex. D.

In any event, even if Poole had, in fact, learned in 2012 that MSR was an addition to his 10-year sentence, it would not help him. In Illinois, a judgment in a criminal case becomes final at "the imposition of sentence." *West v. Chandler*, 2013 WL 657664 at *3 (quoting *People v. Harrison*, 372 Ill.App.3d 153, 154-55 (1st Dist. 2007)). When Poole was sentenced, the then-current version of the Illinois MSR statute "contemplated the omission of the [MSR] term from sentencing orders" as it provided that "every sentence shall include as though written

therein a term in addition to the term of imprisonment . . . [and] such term shall be identified as a mandatory supervised release term." *Id*. (quoting the then-current version of 730 ILCS § 5/5–8–1(d)).

Thus, regardless of whether Poole was aware of the 3-year MSR term when he was sentenced, it was automatically included in his sentence. *See id*. Accordingly, "[t]he date on which prison officials made clear to [Poole] that they intended to include the MSR period in their sentencing calculations, whatever it may be, is irrelevant to the finality of the . . . conviction. It also is not a new factual development for purposes of § 2244(d)(1)(D); the MSR statute was on the books at the time of [Poole]'s sentencing." *Id*. This means Poole has failed to point to a factual predicate he could not have previously discovered through the exercise of due diligence, 28 U.S.C. § 2244 (d)(1)(D), so the statute of limitations began running when the judgment became final by the conclusion of direct review, 28 U.S.C. § 2244 (d)(1)(A).

**B.  The Statute of Limitations Calculation Under § 2244 (d)(1)(A)**

Poole's state direct appeal ended when the Supreme Court denied his petition for a writ of certiorari on October 6, 2008. *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007). The statute of limitations clock started ticking on October 7, 2008, and continued running through January 12, 2009, as Poole filed a state post-conviction petition on January 13, 2009. Thus, as of January 13, 2009, Poole had used up 98 days of the 365-day limitations period, leaving him with 267 days.

The portions of the record provided by the respondent do not indicate the date that Poole's post-conviction petition was denied, but the respondent submitted a copy of the trial court's January 29, 2010, order denying Poole's motion for rehearing. The respondent does not

contend that the motion for rehearing was improperly filed. *See Griffith v. Rednour*, 614 F.3d 328, 330-31 (7th Cir. 2010) (a document is "properly filed" under 28 U.S.C. § 2244(d)(2) "if it meets the procedures established by state law" or if "a state court accepts a paper and decides on the merits"). Therefore, Poole's post-conviction proceedings at the trial court level ended on January 29, 2010.

Poole did not file a timely appeal and the Illinois Appellate Court denied his motions to file a late notice of appeal and for leave to file an amended late notice of appeal. Because the Illinois Appellate Court did not allow Poole to pursue an untimely appeal, the January 29, 2009, trial court order is the final order in his state post-conviction proceedings. This means the limitations clock started to tick again on January 30, 2009. The statute of limitations expired 267 days later, on October 24, 2009. Poole's subsequent attempts to challenge his sentence (the Circuit Court of Perry County mandamus complaint, his petition for injunctive relief, and the Circuit Court of Cook County mandamus complaint) all were filed after this date so they do not impact the statute of limitations analysis. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant"). Even if the court gives Poole the benefit of the mailbox rule and uses the date that he signed his federal habeas petition (May 3, 2012), his petition is, therefore, clearly late.

**C.     Equitable Tolling**

Although Poole does not invoke the doctrine of equitable tolling, the court will consider whether it is applicable given his *pro se* status. A court may excuse compliance with the one-year limitations period based on the doctrine of equitable tolling. *See Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560 (2010). To take advantage of this doctrine, Poole "must show (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*.; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A habeas petitioner's *pro se* status, lack of legal training, or the fact that he is incarcerated do not entitle him to equitable tolling. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("lack of legal expertise is not a basis for invoking equitable tolling"); *see also Bodley v. Ott*, No. 11 C 8137, 2012 WL 773716, at *3 (N.D. Ill. Mar. 8, 2012). Moreover, Poole cannot show he pursued his rights diligently as his state post-conviction petition demonstrates that as of 2009, he knew the MSR term would be added to his 10-year term of imprisonment. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (delay of almost one year after discovering information was unreasonably long). Thus, equitable tolling cannot help Poole.

The court also briefly notes that even if Poole's request for relief under § 2254 was timely, it would be unavailing. Poole correctly acknowledges that his MSR argument is based on his contention that IDOC "def[ied] and misappl[ied] state law." Response to Motion to Dismiss at 3. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Habeas claims based on the failure to advise a defendant about MSR at the time of sentencing are based on state law and thus do not state a claim based on the denial of a clearly established federal constitutional right. *See United States ex rel. Fogarty v. Dawson*, No. 11 C 0040, 2011 WL 117203, at *1-2 (N.D. Ill. Jan. 7, 2011) (collecting cases). Thus, his MSR claim would fail if it was properly before the court.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

The court finds that the statute of limitations issue is governed by a straightforward application of well-established precedent and that reasonable jurists would not find this court's procedural ruling debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Moreover, Poole's petition does not raise a substantial constitutional question. Accordingly, the court declines to issue a certificate of appealability.

**IV.    Conclusion**

For the foregoing reasons, the respondent's motion to dismiss Poole's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred [Dkt. 21] is granted and the court

declines to certify any issues for appeal under 28 U.S.C. § 2253(c). In addition, the clerk is directed to substitute Darryl Johnson, IDOC's Chief of Parole, as the respondent and enter a Rule 58 judgment terminating this case.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 16, 2013